UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSE GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SIOUX FALLS; MINNEHAHA COUNTY; ROBIN HOUWMAN, JUDICIAL OFFICER AT MINNEHAHA COUNTY CIRCUIT COURT, INDIVIDUAL AND OFFICIAL CAPACITY; MAGISTRATE JUDGE BRADLEY ZELL, JUDICIAL OFFICER AT MINNEHAHA COUNTY CIRCUIT COURT, INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendants. | 4:22-CV-04147-RAL<br><br><br>OPINION AND ORDER CONTAINING 1915A SCREENING FOR DISMISSAL |

Plaintiff Daniel Jose Gomez, an inmate at the Minnehaha County Jail at the start of this lawsuit, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983.[1] Doc. 1. This Court granted Gomez leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee. Doc. 7. Gomez timely paid his filing fee on November 7, 2022. Gomez has also filed a motion for speedy disposition of this case and all related complaints, a motion for appointment of counsel, a motion to extend, a motion for leave to submit exhibits, a motion to amend his complaint, a motion

---

[1] Gomez also marked the Bivens action box in his complaint. Doc. 1 at 1. Bivens actions are reserved for when a federal officer has violated a plaintiff's constitutional rights. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Because defendants are state and municipal employees and entities and not federal officials, Gomez's Bivens action is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

to uphold and enforce, and a motion for court order for subpoenas. Docs. 12, 21, 27, 28, 32, 36, 37. This Court now screens Gomez's complaint under 28 U.S.C. § 1915A.

I.     1915A Screening

    A.     **Factual Allegations of Gomez's Complaint**

Gomez claims that delays to his state criminal trial have violated his Sixth Amendment right to a speedy trial and to effective assistance of counsel, his Fourth Amendment rights to be free from unreasonable seizure and excessive force, and several of his Fourteenth Amendment rights. See Doc. 1 at 4-6. He claims that Judge Bradley Zell and Judge Robin Houwman of the Second Judicial Circuit of South Dakota "directly authorized the deprivation of [his] [Sixth] Amendment speedy trial rights by authorizing unreasonable delays and failing to oversee a trial speedily[.]" Id. at 4. He states that the City of Sioux Falls and Minnehaha County have "failed to supervise, train and discipline [their] officers allowing the employees to violate citizen's rights and [South Dakota] laws." Id. He also claims that these constitutional injuries have been caused by the "continued appointment of defective lawyers." Id.

In a brief attached to his complaint, Gomez alleges that he was arrested on October 1, 2021, and that he had been incarcerated at the Minnehaha County Jail for over 390 days since the arrest.[2] See Doc. 2 at 1. He asserts that he repeatedly informed his appointed lawyer, Kaleb Paulson, that he demanded a speedy trial. Id. He claims that a terminally ill defense witness passed away as a result of the delay and now cannot be called at trial. Id. at 2. Gomez states that he did not consent to any delay caused by Paulson or by Manuel DeCastro, Jr., Gomez's appointed attorney after Paulson withdrew from representing him. Id. at 4. He states that he "objected to any and all delays

---

[2] Gomez notified this Court of his new address outside the Minnehaha County Jail on March 6, 2023. See Doc. 33.

that [he] was informed of, and was denied any opportunity to object to the delays [he] was not informed of." Id. at 5.

Gomez claims that he has been denied his Sixth Amendment right to the assistance of counsel. Id. at 9-14. He asserts that "[n]one of the lawyers licensed to practice law that have been appointed to assist [him] in any case have shown or demonstrated effectiveness towards their clients." Id. at 10. He names Paulson, DeCastro, and several other attorneys that he believes have been ineffective. Id. Gomez claims that Paulson and DeCastro both misled and deceived the court by claiming that he was requesting a new attorney. Id. at 11. He alleges that DeCastro deliberately used delay tactics, such as asking for a hearing on whether Gomez was competent to stand trial, to deprive him of his speedy trial and effective assistance of counsel rights. Id. at 12.

Gomez claims that his prolonged incarceration in the Minnehaha County Jail was an unreasonable seizure in violation of the Fourth Amendment. Doc. 1 at 5. He alleges that this injury was caused by Minnehaha County and the City of Sioux Falls' failure to train, supervise, and discipline its employees. Id. He claims that Sioux Falls Police Department officers commit "violent assaults with dangerous weapons and kidnappings under color of law and classify[] such conduct as a 'lawful arrest[.]'" See id. Gomez argues that Sioux Falls Police Department officers used excessive force when they arrested him because they fired a taser which struck him in the face. Doc. 2 at 14.

In his attached brief, Gomez argues that his rights under the Fourteenth Amendment have been violated by South Dakota's enforcement of its criminal laws against him. Id. at 15. He argues that the equal protection and privileges and immunities provisions of the Fourteenth Amendment should render him immune to South Dakota laws in instances where other states' laws are less burdensome. Id. He asserts that because "Iowa has a 90 day speedy trial right or privilege, South

3

Dakota's citizens are entitled to a 90 day speedy trial right." Id. He also asserts that because law enforcement officers are entitled to use force in self-defense, he cannot be prosecuted for using force in self-defense. Id. He further states that because recreational marijuana is legal in Colorado, citizens of South Dakota cannot be prosecuted for marijuana possession. Id.

Gomez has submitted several affidavits from other inmates at the Minnehaha County Jail who allege that their speedy trial rights have been violated. Docs. 13, 14, 15, 16, 17, 19, 22, 23, 25, 26. In his attached brief, Gomez cites other cases in which he beliefs inmates have had their speedy trial rights and their right to effective assistance of counsel violated and expresses a desire to add these "other similarly situated individuals" as "[a]dditional plaintiffs[.]" Doc. 2 at 19. His alleged injuries include lost wages in excess of $60,000, loss of consortium, anxiety, concern, mental anguish, and prolonged pain and suffering without medical care. Doc. 1 at 4-6. Gomez brings claims against Judge Zell and Judge Houwman in their individual and official capacities and against Minnehaha County and the City of Sioux Falls. Id. at 2. In his motion to amend, Gomez seeks to add Paulson and DeCastro as defendants. Doc. 32 at 3. Gomez seeks $5,000,000 in compensatory damages and $5,000,000 in punitive damages, as well as treble damages and reasonable attorney's fees, for himself and for every similarly situated plaintiff. See Doc. 1 at 7; Doc. 2 at 20-21. He also seeks several forms of injunctive relief. See Doc. 1 at 7; Doc. 2 at 20-21.

**B.   Legal Background**

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).

Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663-64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### C. Gomez's Causes of Action

#### 1. Claims on Behalf of Other Plaintiffs

Gomez expresses a desire to bring claims on behalf of himself and other similarly situated plaintiffs. Doc. 2 at 19. Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "Pro se litigants may not represent the interests of other parties." Litschewski v. Dooley, 2012 WL 3023249, at *1 n.1, 2012 U.S. Dist. LEXIS 102777, at *2 n.1 (D.S.D. July 24, 2012); see, e.g., Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Thus, Gomez cannot bring claims on behalf of other plaintiffs. These claims are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but without prejudice to these other individuals seeking redress otherwise.

#### 2. Claims Against Judge Zell and Judge Houwman

Gomez brings claims against Judge Zell and Judge Houwman in their individual and official capacities. Doc. 1 at 2. Judges are generally immune from suit if the judge had jurisdiction over the party. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Id. at 356-57 (footnote omitted) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)). Judges are immune from suit with two narrow exceptions. See Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for

nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (quoting Mireles v. Waco, 502 U.S. 9, 11–12 (1991)).

Here, Gomez alleges that Judge Zell and Judge Houwman have deprived him of his speedy trial rights by authorizing unreasonable delays and deprived him of his right to effective assistance of counsel by appointing defective attorneys. See Doc. 1 at 4. Gomez does not allege that Judge Zell or Judge Houwman acted outside their judicial capacity or in the absence of all jurisdiction. See id. at 4-6; Doc. 2 at 1-14. Thus, Judge Zell and Judge Houwman are entitled to judicial immunity, and Gomez's claims against them are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 3. Claims Against the City of Sioux Falls and Minnehaha County

Gomez brings claims against the City of Sioux Falls and Minnehaha County. Doc. 1 at 2. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Id.; see also Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking

officials after notice to the officials of that misconduct[.]" Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (quoting Corwin v. City of Independence, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe ex rel. Doe v. Sch. Dist., 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

### a.   Sixth Amendment Rights Claims Regarding Appointed Counsel

Gomez alleges that his Sixth Amendment speedy trial rights and his Sixth Amendment right to effective assistance of counsel have been violated by the City of Sioux Falls' and Minnehaha County's failure to supervise, train, and discipline employees. Doc. 1 at 4. To the extent that Gomez alleges that his rights have been violated by the actions of Minnehaha County Court officers, the employees of circuit courts in South Dakota are employees of the South Dakota Unified Judicial System and are thus employees of the State of South Dakota. See S.D. Const. art. V, § 1 ("The judicial power of the state is vested in a unified judicial system consisting of a Supreme Court, *circuit courts of general jurisdiction* and courts of limited original jurisdiction as established by the Legislature." (emphasis added)). Liability under Monell only exists for the policies, customs, and practices of local governmental entities. See 436 U.S. at 694.

Gomez provides several examples of criminal defendants in Minnehaha County who allegedly have had their speedy trial and effective assistance of counsel rights violated by the actions of their appointed attorneys. See Doc. 2 at 19; Docs. 13, 14, 15, 16, 17, 19, 22, 23, 25, 26.

Some of these inmates may have had appointed counsel from the Minnehaha County Public Defender's Office or the Minnehaha County Public Advocate's Office. Thus, accepting Gomez's allegations as true, Gomez alleges that it is a custom or practice of Minnehaha County to provide inadequate representation in violation of defendants' speedy trial and effective assistance of counsel rights. See Doc. 2 at 1-14, 19. But even if this were the case, Gomez cannot show that he was personally injured by this custom or practice because neither of the attorneys appointed to him about whom he complains were employees of Minnehaha County. See Doc. 32 at 3. Instead, both Paulson and DeCastro were privately employed attorneys appointed by Second Judicial Circuit Court Judges who, as discussed above, were state employees. See id. Thus, no policies of Minnehaha County caused the delays alleged by Gomez. Gomez does provide a list of other attorneys who have been appointed to represent him and whose representation he believes to have been ineffective, but he makes no allegations of fact regarding trial delays or ineffective representation by those attorneys. See Doc. 2 at 10. Gomez makes no allegations as to City of Sioux Falls employees regarding his Sixth Amendment rights. See Doc. 1 at 4-6; Doc. 2 at 1-14. Gomez's Sixth Amendment claims against the City of Sioux Falls and Minnehaha County regarding his appointed counsel are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### b. Fourth Amendment Excessive Force Claims

Gomez alleges that Sioux Falls Police Department officers used excessive force when they arrested him on October 1, 2021. See Doc. 2 at 1, 14. He further alleges that "the City of Sioux Falls failed to supervise, train and discipline its several city employees." Id. at 14. Gomez has a pending lawsuit in this Court against Officer Justin Reiter and Officer Arron Bobier in their individual and official capacities regarding their alleged use of excessive force during the October

1, 2021, arrest. See Gomez v. Reiter, 4:21-CV-04179-RAL, Doc. 19 at 6-7 (screening Gomez's complaint and finding that his Fourth Amendment excessive force claims against Reiter and Bobier in their individual and official capacities survived screening). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Gomez's Fourth Amendment excessive force official capacity claim against Reiter and Bobier in his pending lawsuit is equivalent to a Fourth Amendment excessive force claim against the City of Sioux Falls.

The United States Court of Appeals for the Eighth Circuit has recognized that one of the "prudential limits upon the exercise of the [federal court] jurisdiction bestowed by Congress" is "the principle that federal courts may decline to exercise their jurisdiction in order to prevent duplicative litigation." Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 952 (8th Cir. 2001). In Prudential Health Care Plan, the Eastern District of Missouri denied the State of Missouri's motion to remand the case back to state court after Prudential removed it to federal court. See 259 F.3d at 951. The district court then granted Prudential's motion to dismiss for failure to state a claim, dismissing the case without prejudice. Id. The State of Missouri then appealed the dismissal, not on the grounds of the pleading defects identified by the district court, but only as to the district court's refusal to remand to state court. Id. At the same time, the State of Missouri "ameliorated the apparent defects in the initial complaint" and filed a new action in state court, which Prudential then removed to federal court. Id. at 952. The Eighth Circuit dismissed the State of Missouri's appeal in order to prevent duplicative litigation and concluded that "[p]laintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." Id. at 954, 956.

Importantly, the Eighth Circuit applied this principal even though the precise issue before it, whether the district court properly denied the State of Missouri's motion to remand to state court, differed from the substantive breach of contract and fraud claims raised in the State of Missouri's second complaint. See id. at 951-54; see also Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (finding that the plaintiff "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant" (citations omitted)). Because Gomez's Fourth Amendment excessive force claim against Reiter and Bobier in their official capacities in his pending lawsuit is equivalent to his Fourth Amendment excessive force claim against the City of Sioux Falls in his present lawsuit, Gomez cannot pursue both suits at the same time under Prudential Health Care Plan. See 259 F.3d at 954, 956. Gomez makes no claims alleging that Minnehaha County has a custom, policy, or practice of using excessive force. See Doc. 1 at 4-6; Doc. 2 at 14. Thus, Gomez's Fourth Amendment excessive force claims against the City of Sioux Falls and Minnehaha County are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

      c.    **Fourth Amendment Unreasonable Seizure and Sixth Amendment Speedy Trial Claims Regarding Prosecutorial Misconduct**

Gomez claims that he has been incarcerated "beyond statutory limitations thus making [his] continued pretrial incarceration an unreasonable seizure [and] an unlawful detention in violation of the [Fourth] Amendment." Doc. 1 at 5. He alleges that prosecutor Coleen Moran could have brought him to trial in a more timely manner and chose not to do so. See Doc. 2 at 2. He claims that his rights have been violated, in part, by prosecutorial misconduct and malicious prosecution. See Doc. 1 at 6-7; Doc. 20 at 7; see also Doc. 2 at 7 (arguing that "delay caused by docket congestion is attributable to the prosecution" (citation omitted)). This Court construes Gomez as

bringing a claim against Minnehaha County for a custom, policy, or practice of delaying criminal trials in violation of his speedy trial rights and his right to be free from unreasonable seizure through prosecutorial misconduct. See Doc. 1 at 6; Doc. 2 at 2. Gomez makes no allegations that a City of Sioux Falls custom, policy, or practice has violated his speedy trial rights or his right to be free from unreasonable seizure. See Doc. 1 at 4-6; Doc. 2 at 1-14.

In Heck v. Humphrey, the Supreme Court of the United States explained that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 486-87.

The Eighth Circuit recently held that a pretrial detainee's Sixth Amendment claims against jail officials under § 1983 for allegedly seizing legal notes from her cell were barred under Heck. See Laughlin v. Stuart, 2022 WL 12165755, at *1, 2022 U.S. App. LEXIS 29321, at *2 (8th Cir. Oct. 21, 2022) (per curiam). In doing so, the Eighth Circuit cited with approval a Ninth Circuit case in which the "plaintiff's Sixth Amendment claim, alleging that he was denied adequate contact with attorney while [a] pretrial detainee, was Heck-barred, as it would necessarily imply invalidity of his conviction[.]" Id. (citing Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002)). Gomez's incarceration at the Minnehaha County Jail would only be an unreasonable

12

seizure if he were incarcerated after a finding of innocence or after a finding that his conviction was invalid. See Heck, 512 U.S. at 486-87. Under South Dakota law, the remedy for a speedy trial violation is dismissal of the charges. SDCL § 23A-44-5.1(5). Gomez raised his speedy trial concerns in his state criminal proceeding, and the state trial court found no violation under SDCL § 23A-44-5.1. See Doc. 28-1. Thus, Gomez's speedy trial claim is barred under Heck because he has made no showing of a conviction that has been reversed, expunged, declared invalid, or called into question as required by Heck. See 512 U.S. at 486-87.

Gomez alleges that his trial delays have been caused in part by the COVID-19 pandemic and cites Kurtenbach v. Howell for the proposition that "[t]here is no 'pandemic exception' to the Constitution." Doc. 2 at 13 (quoting Kurtenbach v. Howell, 509 F. Supp. 3d 1145, 1152 (D.S.D. 2020)). In Kurtenbach, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from pretrial detention because the state court had failed to timely bring him to trial for his multiple pending cases. 509 F. Supp. 3d at 1148. The Honorable Judge Charles B. Kornmann initially required the petitioner to exhaust his state remedies, but after the state court failed to dismiss charges after seven months in one case and merely dismissed and then renewed the charges in another case, the Court denied respondent's motion to dismiss the petition. Id. at 1149-50, 1154. The Court ultimately ordered that the petitioner be tried no later than eighteen days from the date of its order or it would grant the petition. See id. at 1154.

Here, Gomez has filed a § 1983 civil rights complaint that seeks a remedy for the alleged violation of his speedy trial rights. Doc. 1 at 4, 7. A petition for writ of habeas corpus is not before this Court. Thus, even if Gomez were correct that his constitutional right to a speedy trial had been violated, a finding that this Court does not make at this time, he would still need to show that his incarceration had been reversed, expunged, declared invalid, or called into question through a

successful petition for writ of habeas corpus or similar vehicle before he could bring these claims in a § 1983 action. See Heck 512 U.S. at 486-87. Gomez's Fourth Amendment unreasonable seizure claims and his Sixth Amendment speedy trial claims against the City of Sioux Falls and Minnehaha County are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### d. Claims under 18 U.S.C. § 242 and 28 U.S.C. § 1391

In his complaint, Gomez expresses a desire to bring claims under 18 U.S.C. § 242 and 28 U.S.C. § 1391. Doc. 1 at 1. This Court has previously ruled that there is no private right of action under 18 U.S.C. § 242, which is a criminal statute regarding the deprivation of rights. Mousseaux v. U.S. Comm'r of Indian Affs., 806 F. Supp. 1433, 1437 (D.S.D. 1992); see also United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 . . . These statutes do not give rise to a civil action for damages." (omission in original) (quoting Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989))). 28 U.S.C. § 1391 is a provision governing venue, and Gomez provides no explanation as to how this statute would provide a private right of action. See Doc. 1 at 1. Thus, Gomez's claims under these statutes are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 4. Claims against Paulson and DeCastro

In his motion to amend his complaint, Gomez seeks to add Paulson and DeCastro as defendants. Doc. 32 at 3. Because this Court had not yet screened Gomez's complaint when he sought to amend it, this Court will grant Gomez leave to amend and treat his motion to amend as a supplement to his complaint for purposes of screening.

Gomez alleges that Paulson and DeCastro violated his speedy trial rights and his right to effective assistance of counsel by delaying his criminal trial over his objections and by failing to

provide adequate representation. See Doc. 2 at 1-14; Doc. 32 at 1-3. The Supreme Court has stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Rather than act under color of state law, the public defender serves an adversarial function to the state when representing a client. See id. at 320. Similarly, "a private attorney, appointed by a state court, does not act under color of state law for 42 U.S.C. § 1983 purposes." Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam) (citations omitted). Thus, Paulson and DeCastro did not act under color of state law while representing Gomez, and Gomez's claims against Paulson and DeCastro are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

II.     **Strike Under 28 U.S.C. § 1915(g)**

The Court finds that Gomez's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eighth Circuit has explained that "[d]ismissals based on immunity are not among the types of dismissals listed as strikes in [§] 1915(g)[.]" Castillo-Alvarez v. Krukow, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam). Castillo-Alvarez cited with approval Byrd v. Shannon, a United States Court of Appeals for the Third Circuit case. Id. (citing Byrd v. Shannon, 715 F.3d 117, 125-27 (3d Cir. 2013)). In Byrd, the Third Circuit explained that § 1915(g) "requires that a prisoner's *entire action* . . . be dismissed on enumerated grounds in order for the dismissal to count as a strike." 715 F.3d at 125 (emphasis added). Thus, because Castillo-Alvarez cites Byrd

15

with approval, this Court will follow the rule set out in Byrd. See Castillo-Alvarez, 768 F.3d at 1220 (citing Byrd, 715 F.3d at 125-27).

Gomez's complaint is dismissed in part for failure to state a claim upon which relief may be granted and in part because it seeks monetary relief against defendants who are immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); 28 U.S.C. § 1915A(b)(1)-(2). Under Castillo-Alvarez and Byrd, this does not constitute a strike.

### III.  Order

Accordingly, it is

ORDERED that Gomez's motion to amend his complaint, Doc. 32, is granted to the extent that Gomez seeks to add Kaleb Paulson and Manuel DeCastro, Jr., as defendants. It is further

ORDERED that Gomez's Bivens action is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Gomez's claims on behalf of other plaintiffs are dismissed with prejudice to Gomez re-filing such claims under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Gomez's claims against Judge Zell and Judge Houwman are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). It is further

ORDERED that Gomez's claims against the City of Sioux Falls and Minnehaha County are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Gomez's claims under 18 U.S.C. § 242 and 28 U.S.C. § 1391 are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Gomez's claims against Paulson and DeCastro are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Gomez's motion for speedy disposition of this case and all related complaints, Doc. 12, is denied as moot. It is further

ORDERED that Gomez's motion for appointment of counsel, Doc. 21, is denied as moot. It is further

ORDERED that Gomez's motion to extend, Doc. 27, is denied as moot. It is further

ORDERED that Gomez's motion for leave to submit exhibits, Doc. 28, is denied as moot. It is further

ORDERED that Gomez's motion to uphold and enforce, Doc. 36, is denied as moot. It is finally

ORDERED that Gomez's motion for court order for subpoenas, Doc. 37, is denied as moot.

DATED April 12th, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE